## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed March 6, 1903.

HENRY JOESTING
VS.
THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Isidor Rayner, Isaac Lobe Straus, Robert E. Lee Hall* and *Stanley A. Foutz* for plaintiff.

*Wm. Pinkney Whyte* and *Olin Bryan* for defendant.

DOBLER, J.—

This suit is brought by a taxpayer residing in the Annex to enjoin the Mayor and City Council of Baltimore from levying and collecting taxes for the year 1903 for city purposes at a rate in excess of sixty cents per one hundred dollars of the assessed value of his property.

The claim for exemption from the full city rate is based upon the Act of 1902, Chapter 130, which added a section to the City Charter, Section 4A, by which certain words and phrases contained in Section 4 of the Charter (formerly Section 19 of the Annexation Act of 1888, Chapter 98), are defined in a manner which greatly enlarges the scope of exemption from the full city rate of taxation after the year 1900 beyond the construction put upon said Section 4 by the Court of Appeals in Sindall's case, reported in 93 Md. 526.

The defendant has demurred to the bill and contends (1) that the plaintiff under the City Charter has an adequate remedy at law, and (2) that the Act of 1902, Chapter 130, is in violation of the 10th Section of the 1st Article of the Constitution of the United States.

1. The Act of 1902, Chapter 130, was approved April 1, 1902, and went into effect, if a valid law, on the 1st day of June, 1902.

The plaintiff's property mentioned in the bill must have been on the day said bill was filed, to wit, on the 29th day of last July, upon the books of the Appeal Tax Court charged to him as assessable at the full city rate, otherwise he would have had no ground

for apprehension that the next levy for taxes by the city would work an injustice to him. Had he a means provided by law to avert the impending injury?

The Circuit Court of this city (Stockbridge, J.) decided on the 24th of February, 1902, that under Section 147 of the City Charter, providing meetings of the Appeal Tax Court from time to time for the purpose of hearing appeals and making transfers and *correcting the accounts of assessable property charged to taxpayers and the assessment thereof*, the Appeal Tax Court "had full power to classify property, and to place the taxpayer on the full city rate books, or on the county rate books, subject, of course, to the right of appeal to the City Court if the parties felt aggrieved." THE DAILY RECORD of February 25, 1902.

Section 161 of the City Charter gives any owner of property the right to inspect the record of his own property contained in the book or books in which must be recorded an accurate and fair account of all property of *every sort* within the city subject to taxation, and the *valuation* and *assessment* thereof.

Section 170 provides for an appeal to the Baltimore City Court by any party *assessed* for real or personal property, and claiming to be aggrieved because of any assessment made by the Appeal Tax Court, or because of its failure to reduce or abate any existing assessment.

This section also provides that in no case shall an appeal stay or suspend the power or duty of the city to levy or collect taxes upon the property involved in such appeal, but such levy or collection shall proceed in all respects as if no appeal had been taken. Provision is made for the proper adjustment of taxes after the final determination of any appeal.

In construing this last section, the Court of Appeals, John S. Gittings vs. Mayor and City Council of Baltimore, reported in THE DAILY RECORD of August 15, 1902, say: "The plain object of this section of the Charter was to provide a prompt, efficient and ample remedy for the correction of all errors, either of omission or commission, in the assessment and collection of taxes in the city of Baltimore."

I am, therefore, of the opinion that the remedy by injunction cannot be invoked against the levy of the Mayor and City Council of Baltimore upon the plaintiff's property at the full city rate, even though said property has been erroneously classified as assessable at that rate.

2. It is unnecessary to discuss at length the constitutional question argued so fully and forcibly by the eminent counsel engaged on both sides of this case.

I am unable to agree with the counsel for the defendant in their view that under the Annexation Act there arose a tripartite contract respecting taxation between the State of Maryland, the city of Baltimore and the voters and residents of the annexed territory—for the reason that the city of Baltimore is a municipal corporation, a mere instrument of government appointed to aid in the administration of public affairs, subject to the control of the legislature from whom all its powers emanate.

When a tax is imposed by the Mayor and City Council it is the action of the State, operating through the instrumentality of its municipal agent. Baltimore vs. State, 15 Md. 376. Therefore, even if it should be held that any contract arose under said act, it must have been between the two parties—the State on the one part and the residents and taxpayers of the annex on the other.

When the Annexation Act was before the Court of Appeals for consideration in 1888, the majority of the court decided there was no necessity for a submission of the question of city extension to the vote of the people of the districts proposed to be annexed. Daly vs. Morgan, 69 Md. 460.

The court then declined to say whether the rate of taxation prescribed by the act was to be construed as a contract or a mere exemption which a subsequent legislature might repeal, but the reasons why it cannot be sustained as a contract because the legislature had no power to make such a contract, and that its action was in the exercise of its reserved right to fix the rates of assessment, and taxation for local purposes are expressed and amplified.

The Act of 1902, Chapter 130, modifies and enlarges by legislative construction of certain words and phrases contained in Section 4 of the City Charter, the exemption from taxation after

the year 1900, provided in the Annexation Act.

The City of Baltimore, a public municipal corporation, whose taxing power is derived from legislative grant and is subject to legislative modifications, cannot, in its own behalf, set up against the act in question, a claim that it imparts the obligation of a contract within the purview of the 10th Section of the 1st Article of the Constitution of the United States. No other constitutional question was discussed in the argument of this case. The demurrer to the plaintiff's bill must be sustained.